No. 10,008.

## GARDENSWARTZ v. MELNICK.

Decided April 4, 1921.   Rehearing denied May 2, 1921.

Action for accounting for partnership property.   Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Findings of Fact.*   Findings of fact on conflicting evidence will not be disturbed on review.

2. PARTNERSHIP—*Dissolution—Settlement—Accounting.*   The dissolution of a partnership and settlement of its affairs does not bar an action for an accounting by one of the partners for property acquired before the settlement, but not considered therein, and concerning which the complaining partner was not fully informed.

3. *Partnership at Will—Termination.*   A partnership at will may be terminated by either party.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. JOHN S. FINE, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MELNICK and Gardenswartz were partners, Gardenswartz says in the cattle business only,—Melnick says in cattle, land and all other matters in which they or either of them should deal.   In July, 1917, Gardenswartz bought a small ranch, 96 acres of land with a 5-room house on it, near Bayfield, Colorado, with 160 head of cattle and ranch

equipment. Shortly after that the partnership was dissolved and wound up, and the ranch was not included in the settlement.

In May, 1918, Melnick brought suit in the Denver district court for an accounting, alleging that the land with the cattle that came with it was partnership property and should have been treated as such. The court found for the plaintiff, and, after a reference and accounting, gave judgment for him.

The defendant brings the case here on error, applies for supersedeas and asks that the case be determined upon that application.

The principal point of controversy is whether the evidence justifies the finding of the court that the scope of the partnership included such a transaction as the one of the ranch. If the plaintiff's evidence was believed we cannot say that the finding of the court was not justified. So we must treat that question as settled in favor of the plaintiff.

The defendant claims that the undisputed evidence was that he purchased the ranch in question for a home for himself and family and therefore the transaction was outside the partnership business. The evidence on this point was not undisputed. There was evidence, taken all together, of considerable force that the alleged purchase for a home was a subterfuge, that it was really a speculation. The court found the evidence against the defendant.

Defendant claims that the dissolution of the partnership and the winding up of its affairs without the inclusion of the ranch in question bars the present action, unless such dissolution is impeachable for fraud or mistake. If it was true, as the plaintiff claimed and as his evidence tended to show, that he was not fully informed of the nature of the ranch transaction until after the settlement, then the settlement did not bar this suit. The plaintiff claimed he was not fully informed on this point and supported the claim by some evidence. The settlement took place before defendant moved to the ranch, while he was announcing his

intention so to do. If the purchase was a speculation and the claim that it was for a home was a pretense, which prevented the inclusion of the ranch in the settlement of the partnership, that settlement is no bar to the present suit. One witness testified that the defendant told him that the moving to the ranch was a subterfuge; that and other facts connected with it the court below took into consideration. We ought not to disturb its finding.

It is urged that the partnership was at will, and hence either party could terminate the same at will. This is, of course, true, but has no effect upon this case, because the property was purchased before the dissolution.

Supersedeas denied. Judgment affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE TELLER and MR. JUSTICE WHITFORD not participating.